IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 25–09–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| JASON J. HILL, | |
| Defendant. | |

Before the Court is Defendant Jason J. Hill's Unopposed Motion to Continue Trial. (Doc. 24.) The motion requests a continuance of the trial currently set for June 23, 2025, and corresponding pretrial deadlines. (*Id.* at 1.) The United States does not object. (*Id.* at 2)

A district court may grant a continuance and exclude the time period of the continuance from the calculation of the speedy trial deadline when "the ends of justice served by [the continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether an "ends of justice continuance" is appropriate, a district court must consider, inter alia, whether the failure to grant the continuance will result in a miscarriage of justice; whether the case is so unusual or complex that it is unreasonable to expect adequate preparation within the time limits imposed by the Speedy Trial Act; and

1

whether the case, while not inordinately complex or unusual, would deny the defendant continuity of counsel or would deny counsel the reasonable time necessary for effective preparation. *Id*. § 3161(h)(7)(B).

An "ends of justice continuance . . . must be specifically limited in time[] and . . . must be justified on the record with reference to the facts as of the time the delay is ordered." *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997) (internal quotation marks, alterations, and citation omitted). Any additional time is properly excluded under the Speedy Trial Act "only if the district court makes certain findings enumerated in [§ 3161(h)(7)]." *Bloate v. United States*, 559 U.S. 196, 203 (2010).

Hill is charged with one count of conspiracy to possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 (Count 1), and one count of possession with intent to distribute and distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count 2). (Doc. 1.) Hill argues a continuance is necessary because more time is necessary to conduct investigation and file motions based on recent revelations. (Doc. 25 at 3.) The Court agrees a continuance is warranted.

Specifically, the Court finds that, although this case is not "so unusual or complex . . . that it is unreasonable to expect" a case to be tried within 70 days, 18 U.S.C. § 3161(h)(7)(B)(ii), the failure to grant a continuance would deny Hill's

counsel reasonable time necessary for effective preparation. *Id.* § 3161(h)(7)(B)(iv). Hill is charged with two offenses, each of which carries a mandatory minimum sentence of ten years. (Doc. 1.) Additional time is needed for Hill and his counsel to properly prepare. The ends of justice served by allowing additional time for Hill to prepare for trial outweigh the best interests of the public and the defendant in a speedy trial.

Accordingly, IT IS ORDERED that the motion (Doc. 24) is GRANTED. The trial scheduled for June 23, 2025, is VACATED and RESET for **August 11, 2025, at 9:00 a.m**. at the Russell Smith Federal Courthouse in Missoula, Montana.

IT IS FURTHER ORDERED that all associated deadlines are VACATED. The motions deadline is reset for July 14, 2025. The plea agreement deadline is reset for July 31, 2025. The JERS deadline and jury instructions and trial briefs deadlines are reset for August 6, 2025.

The Court's previous scheduling order (Doc. 14) otherwise remains in full force and effect.

DATED this 13th day of June, 2025.

_____
Dana L. Christensen, District Judge
United States District Court